IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL YOUNG, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1592 |
| | § | |
| | § | |
| BRENTON DELON GREEN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This is an excessive-force case against the City of Houston and one of its police officers. The plaintiffs assert claims under federal and state law. The plaintiffs, Michael Young, Michael Young, Jr., Joseph Young, Ashley Young, and Michelle Bell and Fred Bell, Individually, and as Next Friends of Christopher Bell and Christian Bell, sued Officer Brenton Green, individually and in his official capacity, and the City of Houston, in April 2011. The plaintiffs allege that Officer Green used excessive force against Michael Young and that the other plaintiffs witnessed the use of force.      On July 3, 2012, Green moved for summary judgment, in part based on the plaintiffs' failure to answer requests for admissions that were sent on February 27, 2012 but not responded to until June 9, 2012. (Docket Entry No. 32). On July 11, 2012, the plaintiffs moved to amend their deemed admissions under Rule 36(b) of the Federal Rules of Civil Procedure, (Docket Entry No. 33), and on July 24, 2012, filed a response to the summary judgment motion, (Docket Entry No. 34). Green has responded, opposing the motion to amend to withdraw the deemed admissions. (Docket Entry No. 36).

Based on the pleadings, the motions and responses, the parties' submissions, and the applicable law, the motion to amend the deemed admissions is granted; the motion for summary judgment is granted as to the federal civil rights claims by the bystander plaintiffs for witnessing Green's alleged use of excessive force against Michael Young and as to the state-law claims against Green in his individual capacity. The motion for summary judgment is otherwise denied. The outstanding deadlines in the Pretrial Scheduling and Docket Control Order are extended by 90 days. An amended order setting out precise deadlines is separately entered.

The reasons for these rulings are set out below.

**II.     Background**

This case arises from a midnight sale of athletic shoes in December 2010. Joseph Young and his cousins, Christopher Bell and Christian Bell, were part of a crowd that gathered waiting to buy the shoes. After they bought their shoes, the crowd outside the store prevented them from leaving. Officer Green was working to help control the crowd. Michael Young alleges that as another officer was helping him move out of the crowd, Officer Green hit him in the back of the head with a nightstick, then began to shove and yell at him. Joseph Young and Michelle Bell allege that when they tried to intervene, Green grabbed Joseph Young's throat "momentarily" and pushed Michelle Bell in the chest. Michael Young was not placed in custody. He and the other "bystander" plaintiffs drove away.

Michael Young asserts claims under 42 U.S.C. §§ 1981, 1983, and 1988 for the use of excessive force and violations of due process and equal protection. They also assert state-law tort claims. Ashley Young, Michael Young, Jr., Joseph Young, Fred Bell, Michelle Bell, Christopher

Bell, and Christian Bell contend that they suffered mental distress by witnessing the use of force against Michael Young.

Green's summary judgment motion is based on the following arguments: (1) he is entitled to qualified immunity based on the plaintiffs' failure to respond timely to the requests for admissions; (2) he is entitled to summary judgment on the bystander plaintiffs' civil rights claims; and (3) under § 101.106(a) of the Texas Civil Practice & Remedies Code, the plaintiffs' decision to sue the City of Houston bars their Texas tort claims against Green in his individual capacity. (Docket Entry No. 32).  The plaintiffs responded to the first argument by seeking to amend their requests for admission; to the second argument by clarifying their bystander claims; and to the third argument by agreeing with Green.

The arguments are analyzed below.

## II. Qualified Immunity and the Requests for Admission

Green served requests for admissions on each of the plaintiffs on February 27, 2012, by mailing the requests to their attorney of record.  The deadline to serve responses was April 1, 2012. On June 9, 2012, after Green moved for summary judgment, the plaintiffs' responses were faxed to Officer Green's counsel and the plaintiffs moved to amend their responses.

The requests for admissions for each of the plaintiffs included the following:

> 1. Admit or deny that you are not alleging a violation of a civil right as the basis of this lawsuit.
>
> . . .
>
> 6. Admit or deny that Officer Brenton Green acted in good faith and as a reasonable and prudent officer at the time of the incident.
>
> . . .

3

>   18. Admit or deny that Officer Brenton Green acted
>   in accordance with City of Houston and/or Houston
>   Police Department policies and practices during the
>   incident made the basis of this lawsuit.

(*See, e.g.*, Docket Entry No. 32-1, at 4–5.)

Green argues that the failure to file a timely response resulted in deemed admissions that the plaintiffs are not asserting violations of their civil rights, that Officer Green acted in good faith as a reasonable and prudent officer, and that Officer Green acted in accordance with the policies of the City and/or HPD. Green argues that as a matter of law, the plaintiffs cannot overcome his affirmative defense of qualified immunity. Because this part of the summary judgment motion is based on the deemed admissions, the court's ruling on the plaintiffs' motion to amend will dictate the outcome.

Federal Rule of Civil Procedure 36 governs requests for admissions. Under Rule 36(a), "matters included in requests for admissions are deemed admitted if no written answer or objection is timely served on the requesting party." *Curtis v. State Farm Lloyds*, No. H–03–1025, 2004 WL 1621700, at *4 (S.D. Tex. Apr. 29, 2004). Rule 36(b) provides the framework under which deemed admissions may be withdrawn:

>   A matter admitted under this rule is conclusively established unless
>   the court, on motion, permits the admission to be withdrawn or
>   amended. Subject to Rule 16(e), the court may permit withdrawal or
>   amendment if it would promote the presentation of the merits of the
>   action and if the court is not persuaded that it would prejudice the
>   requesting party in maintaining or defending the action on the merits.

FED. R. CIV. P. 36(b). The district court's "discretion must be exercised within the bounds of this two-part test: 1) the presentation of the merits must be subserved by allowing withdrawal or amendment; and 2) the party that obtained the admissions must not be prejudiced in its presentation

of the case by their withdrawal." *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991) (citations omitted). The party making the admission bears the burden of showing that the presentation of the merits will be served; the party obtaining the admission bears the burden of establishing prejudice. *Curtis*, 2004 WL 1621700, at *4 (quoting *Coca-Cola Bottling Co. v. Coca-Cola Co.*, 123 F.R.D. 97, 102 (D. Del.1988)).

### A. Presentation of the Merits

As to the first prong of Rule 36(b), permitting the amendment of the responses and the withdrawal of the plaintiffs' deemed admissions would undoubtedly "promote the presentation of the merits of the action" on qualified immunity. FED. R. CIV. P. 36(b). The admissions "directly bear on the merits of the case," *S.E.C. v. AmeriFirst Funding, Inc.*, No. 3:07–CV–1188–D, 2008 WL 2073498, at *2 (N.D. Tex. May 13, 2008), and "go directly to the ultimate question" of qualified immunity, contradicting statements explicitly made in the plaintiffs' complaint, *Lyons v. Santero,* No. CV–07–02773–MMM (VBK), 2011 WL 3353890, at *3 (C.D. Cal. May 11, 2011). Because "upholding the admissions would practically eliminate any presentation of the merits of the case," the first half of Rule 36(b) is satisfied. *Curtis*, 2004 WL 1621700, at *5 (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).

### B. Prejudice to Defendant Green

Green is unable to establish that allowing withdrawal of the admissions would result in the prejudice Rule 36(b) requires. "Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto. Ass'n*, 930 F.2d at 1120. "That it would be necessary for a party to prove a fact that it would not otherwise be obligated to prove if

the matter were deemed admitted does not constitute the kind of prejudice contemplated by Rule 36(b)." *AmeriFirst Funding*, 2008 WL 2073498, at *2 (citation omitted). The need for discovery to obtain evidence necessary for dispositive motions on the merits or for trial is not a sufficient ground for finding prejudice. *See id*.

"Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial." *Le v. Cheescake Factory Rests. Inc*., No. No. 06-20006, 2007 WL 715260, at *3 (5th Cir. Mar. 6, 2007) (per curiam). The scheduling and docket control order put into place in October 2011 set a discovery deadline of August 24, 2012; a motion filing deadline of September 14, 2012; a joint pretrial order filing deadline of November 16, 2012; and the docket call setting for November 30, 2012. Although the discovery deadline is imminent, the trial date is not. A slight modification of the scheduling order could provide the parties with ample time to conduct discovery and prepare for trial. Green points to no special difficulties that would result from delay, such as the unavailability of key witnesses.

The fact that Green filed a summary judgment motion is not a sufficient basis to show prejudice under Rule 36(b); there are other Federal Rules of Civil Procedure available for parties who unfairly incur costs related to another party's discovery failures.

Green's argument that he was prejudiced by the delayed responses because he did not have those responses when he deposed Michael Young is valid. It is best and sufficiently addressed, however, by allowing Green to redepose Young and requiring that the plaintiffs bear the costs, including reasonable attorney's fees, that Green incurs in taking that deposition.

Counsel for the plaintiffs has filed an affidavit explaining the reasons for the delay in responding to the requests for admission. They arise from the prolonged illness and death of counsel's father and counsel's role as the sole caregiver. (Docket Entry No. 33-1). Shortly after counsel returned to his practice, he was advised of the summary judgment motion and the failure to respond to the requests for admissions within the time required. Counsel acted with diligence to file the request to amend the responses by withdrawing the deemed admissions. Counsel has come forth with a "sufficient reason" for the failure to timely respond and shown that he acted with diligence when he learned of the failure.

This court grants the plaintiffs' motion to amend by withdrawing the deemed admissions, and denies Green's motion for summary judgment on qualified immunity without prejudice to later reassertion on other grounds, if appropriate.

**III.    The Remaining Grounds for Summary Judgment**

    **A.    The Bystander Plaintiffs' Claims Based on Witnessing the Use of Force Against Michael Young**

Green argues that even if the requests for admission sent to plaintiffs are not deemed admitted, some of the plaintiffs admitted in their responses to requests for admission that they are not alleging a violation of a civil right as a basis for this lawsuit. Based on this admission, as well as the case law, Green seeks judgment as a matter of law as to the § 1983 claims brought by these "bystander" plaintiffs.

The plaintiffs whose amended responses to the requests for admission admitted that they did not assert a federal civil rights claim for witnessing Green's alleged use of force on Michael Young are Ashley Young, Michelle Bell, Fred Bell, Christopher Bell, and Christian Bell. Michael Young, Jr. and Joseph Young denied that request for admission. The plaintiffs whose admissions denied the

7

assertion of a federal civil rights claim do not respond to this part of Green's motion. The admission, and the failure to respond, are valid grounds for dismissing their federal claim for damages for emotional distress for witnessing the alleged use of force against Michael Young.

Even apart from the effect of the admissions, case law holds that a bystander who witnesses a police action, but who is not himself or herself an object of that action, cannot recover for resulting emotional injuries under § 1983, although there may be such a claim under state tort law. There is no constitutional right to be free from witnessing police action, apart from the question of whether that action physically injured the target of that action. *See Archuleta v. McShan*, 897 F.2d 495, 496–500 (10th Cir. 1990); *Coon v. Ledbetter*, 780 F.2d 1158, 1160–61 (5th Cir. 1986); *Grandstaff v. Borger*, 767 F.2d 161, 172 (5th Cir. 1985); *Landry v. Ferriday*, No. 08-1616, 2009 WL 2900446, at *1 (W.D. La. Sept. 8, 2009); *Thomas v. Frederick*, 766 F. Supp. 540, 556 (W.D. La. 1991).

The plaintiffs cite *Citizen Action Fund v. City of Morgan City*, 154 F.3d 211, 216 n.6 (5th Cir. 1998), and *Petta v. Rivera*, 143 F.3d 895, 900–01 (5th Cir.1998) (per curiam), in support of their right to recover damages for the plaintiffs who saw the use of force against Michael Young. *Petta* involved an officer's use of excessive force against a mother and her two young children in the car. The evidence in that case showed that the children were more than bystanders to the use of force against their mother. The officer's actions included screaming, banging on the car, shooting at the car, breaking windows, and other acts that the children experienced themselves in addition to watching their mother endure. The evidence included their own continued and severe psychological injuries as a result of actions directed not only towards their mother, but towards the car that they themselves occupied. *Petta*, 143 F.3d at 902–03. *Petta* does not support the argument that a witness who merely observes the alleged use of excessive force against another has a right to recover

damages for what was witnessed, in circumstances such as those present here. Both because some of the "bystander" plaintiffs failed to respond to the argument that they have admitted the absence of a federal claim for witnessing the force used on Michael Young, and because the cases fail to provide support that a federal civil rights claim—as opposed to a state-law claim—exists in a case such as this, Green is entitled to summary judgment dismissing the federal § 1983 and related claims by the "bystander" plaintiffs for damages for observing Green's use of force against Michael Young.

### C. The State-Law Tort Claims against Green

The plaintiffs sued both the City and Officer Green, a City employee. The plaintiffs allege that Officer Green "utilized his own personal equipment, property and/or instruments of force to cause bodily injury and harm to Michael Young" and bring bystander claims. (Compl. ¶¶ 4.8 and 4.11). A claim for the use or misuse of tangible personal property is a claim under the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE § 101.021. A state-law bystander claim may be brought under the Texas Tort Claims Act ("TTCA"). *Hermann Hosp. v. Martinez*, 990 S.W.2d 476, 478–79 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *Estate of Barrera v. Rosamond Vill. Ltd. P'ship*. 983 S.W.2d 795, 799 & n.1 (Tex. App.—Houston [1st Dist.] 1998, no pet.).

The plaintiffs recognize that under § 101.106(a) of the Texas Civil Practice & Remedies Code, the filing of suit against a governmental unit under the TTCA is an irrevocable election by plaintiffs that bars recovery against the individual employee over the same subject matter for state-law claims. If, as here, suit is filed against both a governmental unit and its employee, the governmental unit may move to dismiss the state-law claims against the employee. TEX. CIV. PRAC.

& REM. CODE § 101.106(e).  Under this provision, the state-law claims against Green in his individual capacity are dismissed.[1]

## IV.     Conclusion and Order

The plaintiffs' motion to amend their responses to requests for admission, (Docket Entry No. 33), is granted.  Green's motion for summary judgment is granted as to the federal claims by the bystander plaintiffs for witnessing the alleged use of excessive force against Michael Young, granted as to the state-law claims against Green in his individual capacity, and otherwise denied, (Docket Entry No. 32).  The outstanding deadlines in the Pretrial Scheduling and Docket Control Order are extended by 90 days.  An amended order setting out precise deadlines is separately entered.

SIGNED on August 15, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[1] The plaintiffs concede that their TTCA claims against Green in his individual capacity should be dismissed. (Docket Entry No. 34, at 4.)